Argued March 17; reversed April 7, 1931

FEIG *v.* PLUMMER

(297 P. 348)

*James West*, Deputy City Attorney, of Portland (Frank S. Grant, City Attorney, of Portland, on the brief), for appellant.

*M. B. Meacham*, of Portland, for respondent.

CAMPBELL, J. The plaintiff is a general building contractor engaged in his business in Portland, Oregon. He was duly licensed for the year 1929, under the

"General Building Contractor's License Ordinance,'' No. 54528, of said city. On March 1, 1929, the city issued to E. M. Rasmussen, as owner, and Elmer E. Feig, plaintiff, as contractor, a permit to erect and construct an apartment house on certain lots within the city. On March 25, 1929, the city issued a permit to W. D. Parson, as owner, and Elmer E. Feig, plaintiff, as contractor, a permit to alter a certain building within the city limits of Portland. Plaintiff entered into contracts with the above respective owners to do the work called for in the respective permits.

The defendant is the inspector of buildings of the city of Portland. His duties and appointment are defined and provided for under ordinance No. 14489 entitled "An ordinance providing for the appointment of a building inspector and defining his duties and fixing his compensation."

On April 19, while work was progressing on the above buildings under said permits, the defendant suspended plaintiff's license as a general building contractor and ordered all work on the buildings stopped. Plaintiff claims that by reason of the work being stopped he was damaged in the sum of $5,000.

The defendant contends that the form of the contracts and the method of carrying on the construction in both instances show that plaintiff was not the real contractor on either of said buildings but was merely loaning his license to the respective owners who were the real builders.

The case was tried to a jury, and at the close of the testimony a motion was made for a directed verdict and the motion allowed. Thereupon a judgment was entered in favor of defendant. A motion was later made for a new trial, which motion was allowed, and

the judgment and the verdict set aside and a new trial granted. From this judgment granting a new trial, this appeal is taken to this court.

■ In the argument in this court it was suggested by the counsel for respondent that no bill of exceptions has been filed. That the purported bill of exceptions is not so designated, but no motion to dismiss was made. However, there is a transcript of all the proceedings had in the case, including a transcript of the evidence certified by the trial judge to be such, and while we cannot commend the technique of procedure adopted by appellant yet, in the absence of a motion to dismiss, it is sufficient to give the court jurisdiction.

Ordinance No. 54528 above referred to contains, among other provisions, section 11, article XIV¼:

"The inspector of buildings shall have power to suspend, and he shall suspend any license issued under the provisions of this ordinance and stop all work thereunder for the wilful violation of any building law or ordinance or for gross incompetence. The inspector of buildings shall notify such licensee in writing of his action. Any person aggrieved by the action of the inspector of buildings may within ten days thereafter, appeal to the council and the council may modify or overrule the action of the inspector of buildings."

■■ This section confers on the inspector of buildings quasi-judicial powers. While acting within the scope of his authority he has the same protection against civil liability as other quasi-judicial officers: *Watts v. Gerking et al.,* 111 Or. 654 (222 P. 318, 228 P. 135, 34 A. L. R. 1489), and cases therein cited. In the instant case the defendant did not rely solely on his own judgment, but submitted the forms of contract

under which the buildings were being constructed and other information to the city attorney who gave him a legal opinion to the effect that plaintiff was violating the above ordinance. After receiving this opinion, he then notified the plaintiff of the revocation of his license, and ordered the work stopped. The plaintiff had his remedy for any capricious or erroneous action of the defendant by an appeal to the city council.

■ Section 2, article XIV¼ of ordinance No. 54528, makes it unlawful for any one ''to carry on, or engage in the business as a building contractor without first having obtained a license from the bureau of licenses so to do.'' If, therefore, the plaintiff was using the license, granted him by the bureau of licenses, as a subterfuge to enable others to carry on the business of building contractor, he was violating the ordinance and it would be the duty of the inspector of buildings to revoke the license, and in doing so the inspector would be acting within the scope of his authority and be protected from liability from damages even though his judgment in such action might be erroneous.

For these reasons, the judgment will be reversed and the case remanded with instructions to vacate the order granting a new trial, and to reinstate the directed verdict and judgment for defendant.

BEAN, C. J., BELT and BROWN, JJ., concur.